IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RYSZARD BIALACH, II, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N17A-02-002 CEB |
| | ) | |
| LEMONS & CAPERS and | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellees. | ) | |

Submitted: June 9, 2017
Decided: September 7, 2017

## ORDER

*Upon Consideration of Appeal from*
*The Unemployment Insurance Appeal Board.*
**AFFIRMED.**

This 7th day of September, 2017, upon consideration of the *pro se* appeal of Ryszard Bialach from the decision of the Unemployment Insurance Appeal Board, it appears that:

1. Claimant worked at Capers & Lemons ("Employer") as a fryer cook for several weeks in October 2016. He quit the job, claiming various workplace grievances that forced his resignation. We might dive a little deeper into the allegations, but this case is resolved by a procedural default and we may summarily dispose of the matter on that basis.

1

2. Claimant filed for unemployment benefits and Employer duly responded with the reasons why the termination was appropriate. On November 23, 2016, the Claims Deputy found that based on the available information, the Claimant was not entitled to benefits. That decision was mailed to the Claimant, who on November 30, promptly and timely filed his appeal of the decision.

3. There was a hearing before an Appeals Referee at the Division of Unemployment Insurance Appeals. The Appeals Referee took testimony from both sides and, on December 15, 2015, issued her decision denying relief to Claimant. Claimant again promptly and timely appealed this decision.

4. Notice of a hearing before the Unemployment Insurance Appeals Board was duly sent to Claimant on December 20, notifying him of a hearing on January 18, 2017. Claimant failed to appear for that hearing and his appeal was dismissed.

5. The final matter to come to the Appeals Board was a handwritten note from Claimant stating that he "was unable to attend my Appeal hearing due to class." He explained that he is now enrolled in school and had classes on the day of the hearing. Claimant had not requested a postponement of his hearing and the Board exercised its discretion to deny relief. This appeal followed.

6. The Claimant's papers on appeal do not raise any substantial issue about why the Board abused its discretion in denying his untimely request for a postponement of his hearing. Rather, it is a continuation of his grievances

2

concerning his treatment while employed. Those issues are not properly before the Court. The only issue before me is whether the Board fairly and appropriately exercised its discretion in dismissing his appeal when he failed to appear at his hearing. When a claimant fails to press a claim before the unemployment administrative process, the Board is fully empowered to enforce the procedural default and deny the claim. The Court has no jurisdiction to entertain Claimant's employment grievances as he has failed to exhaust his administrative remedies. [1]

Accordingly, the decision of the Board is **AFFIRMED**.

Judge Charles E. Butler

---

[1] *See, e.g., Beckett v. Mountaire Farms of Delmarva,* 2011 WL 1260096 (Del. Super. Feb. 8, 2011); *Morales v. Red Oak Health Care Mgmt. Tilton Terrace,* 2008 WL 1726051 (Del. Super. Mar. 25, 2008); *Patterson v. Peninsula Oil,* 1994 WL 89802 (Del. Super. Feb. 8, 1994).

3